**PerkinsCoie**

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T  +1.206.359.8000
F  +1.206.359.9000
PerkinsCoie.com

February 5, 2023

Gregory Miller
GMiller@perkinscoie.com
D.  +1.206.359.3588
F.  +1.206.359.44588

**VIA ELECTRONIC FILING (CM/ECF)**

Hon. James Donato
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:   Letter from Carrie Goldberg regarding Dkt. No. 28, in *McCarthy v. Amazon.com, Inc.*, No. 3:22-cv-05718**

Dear Judge Donato:

I write in response to the letter filed by plaintiffs' counsel on February 4, 2023. *See* Dkt. #29.[1] That letter suggests that Amazon does not oppose their request to reinstate the now-vacated hearing this coming Thursday, February 9. That is not true. Reinstatement of the hearing would be improper under the Court's Standing Order, and it would be unwarranted given the straightforward jurisdictional issues currently before the Court.

Paragraph 13 of the Standing Order cautions parties that: "The Court should be advised that a newer lawyer is doing the argument well in advance of the hearing date." Notifying the Court that a newer lawyer will be handling the argument—after the Court has vacated the hearing, and after opposing counsel has cancelled the childcare and travel arrangements necessary to attend the now-vacated hearing—is not notification "well in advance."

The letter also suggests that Amazon does not oppose reinstatement, which is a mischaracterization of plaintiffs' counsel's exchange with defense counsel. Plaintiffs' counsel claims to have "conferred" with defense counsel on the issue, and asserts that defense counsel "said they … defer to the court on the management of its docket and allocation of hearing time among its cases." What plaintiffs' counsel characterizes as a conference where a conversation took place was actually single exchange of emails.

---

[1] Amazon is aware that this Court's Standing Order disfavors letters to the Court except in specific circumstances related to discovery.  *See* Standing Order ¶ 32.  But, Amazon is compelled to respond to plaintiffs' counsel's February 4, 2023 letter (which Amazon never saw, nor agreed to, prior to filing) to avoid any misunderstanding caused by that letter.

February 5, 2023
Page 2

An authentic copy of that exchange is attached to this letter as **Exhibit 1**. Plaintiffs' counsel asked if Amazon would "consider signing a joint letter to the court reasserting both party's request for oral argument?" Defense counsel declined, replying:

> We appreciate your commitment to getting Hannah an opportunity for her first federal court argument. But we do not want to disagree with the court's assessment of how to manage its docket and allocate hearing time among its cases.

Plaintiffs' counsel did not ask for any elaboration as to why defense counsel "did not want to disagree" with the vacatur of Thursday's hearing date, did not inform defense counsel that she would be paraphrasing Amazon's position in a letter to the Court, and did not share a draft of the letter prior to filing it with the Court.

    To be clear, the reason that Amazon did "not want to disagree with the Court's assessment" is that it believes the Court is correct that oral argument is no longer necessary. Amazon originally requested oral argument because its Rule 12(b)(6) argument involved somewhat novel applications of the laws of California, Ohio, and West Virginia. At the parties' case management conference, the Court determined that, for the time being, it would only consider the parties' jurisdictional arguments. *See* Dkt. #26. Because the personal jurisdiction issue involves a straightforward application of controlling Supreme Court and Ninth Circuit precedents, Amazon agrees with the Court that argument is not needed.

    If the Court were to reconsider its determination on oral argument, Amazon respectfully requests that any hearing be set for a later date, so that defense counsel can make the travel and childcare arrangements necessary to ensure that in-person attendance is feasible.

Sincerely,

*Greg Miller*

Gregory F. Miller
*Counsel for Defendant Amazon.com, Inc.*

Attachment

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record, via the Court's CM/ECF system and/or electronic mail or U.S. Mail, on February 5, 2023, as follows:

    Hannah Meropol (CA Bar No. 340095)
    Carrie Goldberg (pro hac vice)
    Naomi Leeds (pro hac vice)
    C.A. Goldberg, PLLC
    16 Court St., 33rd Floor
    Brooklyn, NY 11241
    Telephone: 646-666-8908
    Fax: 347-599-9998
    Email: hannah@cagoldberglaw.com
    carrie@cagoldberglaw.com
    naomi@cagoldberglaw.com

*Attorneys for Plaintiffs*

    Paul Fullwood
    Loudwolf, Inc.
    PO Box 2432
    Dublin, CA 94568
    Telephone: 408-910-5751
    Email: pfullwood@loudwolf.com

*Defendant Loudwolf, Inc.*

    */s/ Steven G. Williamson*
    Steven G. Williamson