UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Civil Minutes

Date:  February 16, 2023                                          Judge:  Hon. James Donato

Time: 10 Minutes

Case No.        **3:22-cv-05718-JD**
Case Name       **McCarthy et al v. Amazon.com, Inc. et al**

Attorneys for Plaintiffs:        Hannah Meropol, Naomi Leeds, and Carrie Goldberg
Attorney for Defendant:          Gregory F. Miller

Court Reporter:  Belle Ball

Deputy Clerk:  Lisa Clark

PROCEEDINGS

Motion Hearing -- Held

NOTES AND ORDERS

Defendant Amazon's motion to dismiss or transfer for lack of personal jurisdiction, Dkt. No. 25, is granted.

The Court lacks general jurisdiction over Amazon because it is incorporated in Delaware, has its principal place of business in Washington, and there are no exceptional facts to warrant looking beyond these "paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (cleaned up).

Specific jurisdiction is also lacking.  Plaintiffs have not adequately demonstrated that their "claims relate to [Amazon's] conduct within California." *CZ Servs., Inc. v. Anthem Ins. Cos., Inc.*, No. 19-cv-04453-JD, 2022 WL 4126281, at *2 (N.D. Cal. Sept. 9, 2022); *see also Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL 188658, at *4 (N.D. Cal. Jan. 14, 2019).  It is not enough that Amazon conducted some business with defendant Loudwolf, a California corporation.  See *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1041 (N.D. Cal. 2019); *CZ Servs.*, 2022 WL 4126281, at *1.

Transfer, not dismissal, is appropriate.  *See Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) ("[T]ransfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith.").  The Court

may transfer this case to "any district or division in which it could have been brought."  28 U.S.C. § 1406(a); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

At plaintiffs' request, Loudwolf is dismissed without prejudice.  Amazon, the sole remaining defendant, has its principal place of business in Seattle, Washington, and so personal jurisdiction and venue are proper in that district.  *See* Dkt. No. 25-1 ¶ 3 (Sachs declaration).  Consequently, the case may be transferred to the Western District of Washington.

To the extent that the factors relevant to transfer under 28 U.S.C. § 1404(a) apply here, the record indicates that Washington will be a much more convenient forum for parties and witnesses.  *See Coleman v. Mallinckrodt Enters. LLC*, No. 17-cv-06565-JD, 2019 WL 1779574, at *1 (N.D. Cal. Apr. 23, 2019) (discussing Section 1404(a) factors).  Plaintiffs' claims against Amazon are about its business practices and operations in Washington.  Most, and possibly all, of the relevant witnesses and documents will be located there.  Severing plaintiffs' claims and transferring their cases to Ohio and West Virginia, as Amazon suggests, would result in needless duplication of effort and judicial resources.

Transfer is ordered to the Western District of Washington.